LAWRANCE A. BOHM, ESQ., (SBN 208716)
BIANCA N. SMITH, ESQ., (SBN 269963)
**BOHM LAW GROUP**
4600 Northgate Blvd., Suite 210
Sacramento, CA 95834
Phone (916) 927-5574
Fax (916) 927-2046

Attorneys for Plaintiff
KIM WIDDIFIELD


JACKSON LEWIS LLP
ROBERT J. SCHNACK (SBN 191987)
CAROLYN G. BURNETTE (SBN 191294)
JERRY J. DESCHLER, JR. (SBN 215691)
801 K. Street, Suite 2300
Sacramento, CA 95814
Telephone: (916) 341-0404
Facsimile:  (916) 341-0141

Attorneys for Defendants
MACY'S WEST STORES, INC.
(erroneously sued and served as
Macy's Department Stores, Inc.)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM WIDDIFIELD,<br><br>         Plaintiffs,<br><br>   v.<br><br>MACY'S DEPARTMENT STORES, INC.; and DOES 1-100, inclusive,<br><br>         Defendants. | Case No. 2:11-CV-01752-WBS-GGH<br><br>**STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINE FOR PLAINTIFF TO COMPLETE DEPOSITION OF DEFENDANT'S EXPERT WITNESS** |

Plaintiff, KIM WIDDIFIELD ("Plaintiff"), by and through her attorneys of record, hereby requests that this Court's Status (Pretrial Scheduling) Order (Doc #11) of October 5, 2011 be modified to permit Plaintiff to take the deposition of Defendant MACY'S WEST STORES, INC.'s (erroneously sued and served as MACY'S DEPARTMENT STORES, INC.)

1

Stipulation and [Proposed] Order Extending Deadline for Plaintiff    Lawrance A. Bohm, Esq.
to Complete Deposition of Defendant's Expert Witness                 Bianca N. Smith, Esq.
WIDDIFIELD v. MACY'S DEPARTMENT STORES, INC., et al.

("Defendant") expert witness, Suzanne Stuckwisch, Ph.D., on November 6, 2012, which is after the discovery cutoff of August 3, 2012. Defendant does not oppose this request in that the parties have agreed to mediate and engage in meaningful settlement discussions.

## I.   EXISTENCE OF GOOD CAUSE

1. Good cause exists in that despite diligent efforts, Plaintiff has been unable to schedule the deposition of Defendant's expert witness, Suzanne M. Stuckwisch due to scheduling conflicts.

2. Good cause exists because Plaintiff will be unable to depose Defendant's expert witness by August 3, 2012, which is currently the date by which all discovery must be completed.

3. Good cause exists in that the parties have agreed to participate in mediation, tentatively scheduled for October 8, 2012.

4. Good cause exists because Defendant has agreed to produce its expert witness after mediation on November 6, 2012.

5. Further good cause exists in that the parties are not requesting that any other provisions of the Court's Status (Pretrial Scheduling) Order be modified, except that Plaintiff will at a later time also seek a modification of the Court's Status (Pretrial Scheduling) Order to allow for inspection of the Macy's retail store where Plaintiff was employed by Defendant (which Defendant will oppose).

6. Good cause also exists because Plaintiff and Defendant agree to use the extension of time afforded by the Stipulation to explore settlement of their dispute.

7. Further good cause exists in that the parties are not requesting that any other provisions of the Court's Status (Pretrial Scheduling) Order be modified. The proposed stipulated modification of the Court's Status (Pretrial Scheduling) Order of October 5, 2012 will not delay or prejudice the timely resolution of this case in the event the settlement negotiations prove unsuccessful inasmuch as this case is not set for trial until February 12, 2013.

2

Stipulation and [Proposed] Order Extending Deadline for Plaintiff     Lawrance A. Bohm, Esq.
to Complete Deposition of Defendant's Expert Witness                  Bianca N. Smith, Esq.
WIDDIFIELD v. MACY'S DEPARTMENT STORES, INC., et al.

8. Defendant does not oppose Plaintiff's request to depose Defendant's expert witness after the August 3, 2012 discovery cutoff and after the mediation, on November 6, 2012.

## II.   STIPULATION

For the foregoing reasons, the parties to this action hereby **STIPULATE AS FOLLOWS:**

1. That the following modification be made to the Court's Status (Pretrial Scheduling) Order:  Plaintiff shall be permitted to take the deposition of Defendant's expert witness, Suzanne Stuckwisch on November 6, 2012, which is after the discovery cutoff of August 3, 2012.  All other deadlines will remain unchanged.

Dated:  August 2, 2012            By:   */s/ Lawrance A. Bohm, Esq.*
                                        Lawrance A. Bohm, Esq.
                                        Bianca N. Smith, Esq.
                                        Attorneys for Plaintiff
                                        KIM WIDDIFIELD

Dated:  August 2, 2012            By:   */s/ Jerry J. Deschler Jr.*
                                        Robert J. Schnack
                                        Carolyn G. Burnette
                                        Jerry J. Deschler Jr.
                                        Attorneys for Defendant
                                        MACY'S WEST STORES, INC.

### ORDER

Having reviewed the parties' stipulation, and good cause appearing therefore, IT IS HEREBY ORDERED:  Plaintiff shall be permitted to take the deposition of Defendant's expert witness, Suzanne Stuckwisch on November 6, 2012, which is after the discovery cutoff of August 3, 2012.  All other deadlines will remain unchanged.

Date:  August 3, 2012            /s/ Gregory G. Hollows
                                        _____
                                        Gregory G. Hollows
                                        MAGISTRATE JUDGE

Stipulation and [Proposed] Order Extending Deadline for Plaintiff                     Lawrance A. Bohm, Esq.
to Complete Deposition of Defendant's Expert Witness                                  Bianca N. Smith, Esq.
WIDDIFIELD v. MACY'S DEPARTMENT STORES, INC., et al.